UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ZANK PAYMENT PROCESSING, INC., a Canadian corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:24-CV-314-TAV-JEM ) |
| CUSTOM PAYMENT CONSULTING, INC., a Tennessee Corporation, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Enlargement of Time to Serve Defendants Jeff Bickhaus and Universal Payments Solutions, LLC, with the Complaint and Summons [Doc. 22]. Plaintiff seeks an additional 120 days to serve Jeff Bickhaus ("Bickhaus") and Universal Payment Solutions, LLC ("Universal") (collectively, "Florida Defendants") [*Id.* ¶ 4]. For the reasons explained below, the Court **GRANTS IN PART AND DENIES IN PART** the motion [**Doc. 22**].

I.  **BACKGROUND**

Plaintiff filed its Complaint on July 24, 2024, meaning that it must serve Defendants on or before October 22, 2024. *See* Fed. R. Civ. P. 4(m) (providing 90 days to serve the defendants). Plaintiff contends that "[d]espite [its] best efforts and attempts to personally serve the Florida Defendants . . . [it] has been unable to effectuate personal service of process" [Doc. 22 ¶ 4]. According to the Florida Department of State, Division of Corporation Records, "[Defendant] Bickhaus is the registered agent for [Defendant] Universal, a now dissolved limited liability

company for failure to file an annual report as of September 27, 2024" [*Id*. ¶ 5 (citing Doc. 22-1)]. The address for the Florida Defendants is 5439 Twin Creeks Drive, Valrico, Florida, 33596 ("Twin Creek Address") [*Id*. ¶ 6; *see also* Doc. 22-1 p. 2)]. "On August 17, 2024, the process server attempted to serve the Florida Defendants at the Twin Creek Address[,]" but "was advised by the current resident . . . that [Defendant] Bickhaus no longer resides at the Twin Creeks Address and that the current resident has been renting the property since June 2024" [Doc. 22 ¶ 7; *see* Doc. 22-2 p. 2].

After conducting additional background searches, Plaintiff located an alternate address for Defendant Bickhaus at 650 Island Way Apt 707, Clearwater Beach, Florida, 33767 ("Clearwater Address") [Doc. 22 ¶ 8]. On August 29, 2024, and on September 3, 2024, the process server attempted to serve Defendant Bickhaus at the Clearwater Address but was not successful [*Id*. ¶¶ 9–10; *see also* Doc. 22-2 p. 2]. On September 3, however, the process server found the telephone number for property management and left a message [Doc. 22 ¶ 10; *see also* Doc. 22-2 p. 2]. "On or about September 9, 2024, the property manager called the process server and advise[d] him that [Defendant] Bickhaus had left the property and that she was unaware of [his] whereabouts" [Doc. 22 ¶ 11; *see also* Doc. 22-2 p. 2].

Plaintiff states:

> [It] has been conducting regular online investigations, including real property records, court records, and business entity related searches in Florida to locate alternate addresses for [Defendant] Bickhaus, however, no further alternate addresses have been found. [Plaintiff] expects to receive further information on the location of the Florida Defendants pursuant to multiple public records requests to the State of Florida, in particular the Department of Motor Vehicle, and United States Postal Service. Counsel for [Plaintiff] is also still in the process of investigating additional physical addresses.

[Doc. 22 ¶ 12; *see also* Doc. 22-3 (outlining Plaintiff's counsel's attempts to locate and serve the Florida Defendants)].

## II. ANALYSIS

Plaintiff's request is governed under Rule 4(m), which provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4(m). The Sixth Circuit has explained that Rule 4(m) requires a two-step analysis when the plaintiff does not achieve service within ninety days. *Stewart v. TVA*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. 2000) (table opinion). The Court must first determine whether plaintiff has shown good cause for the failure to serve. *Id.* If plaintiff has shown good cause, the Court must grant the extension. *Id.*; *see also* Fed. R. Civ. P. 4(m). Whether plaintiff has established good cause is within "the sound discretion of the district court." *Williams v. Smith*, No. 98-1700, 1999 WL 777654, at *1 (6th Cir. Sept. 17, 1999). If the plaintiff has not shown good cause, then the Court may either dismiss the action without prejudice or order that service be completed. *Id.*

Plaintiff states that it has established good cause for an extension, noting that it "has spent hours researching and attempting to personally serve the Florida Defendants with process since August 8, 2024" [Doc. 22 ¶ 17 (citation omitted)]. "[It] anticipates that with additional time it will be able to serve the Florida Defendants personally or through substantive service via email or through the Florida Secretary of State as it is clear that [Defendant] Bickhaus is concealing his whereabouts" [*Id.* ¶ 18]. Plaintiff seeks until February 19, 2025, to serve the Florida Defendants "given the amount of time" it has already spent [*Id.* ¶ 19].

3

Although it is not clear if "[Defendant] Bickhaus is concealing his whereabouts[,]" [Doc. 22 ¶ 18], the Court finds that Plaintiff has established good cause for an extension. Plaintiff has been diligent in attempting to locate and serve the Florida Defendants as outlined above. *See Searcy v. GUUAS, LLC*, No. 2:19-CV-3124, 2020 WL 1694987, at *3 (S.D. Ohio Apr. 6, 2020) (concluding that the plaintiff established good cause for an extension of ninety days to serve the defendant because the plaintiff had been diligent in attempting to locate and serve the defendant). Accordingly, given that Plaintiff has established good cause, the Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiff seeks an additional 120 days to serve the Florida Defendants. While Plaintiff appears to be having difficulty locating the Florida Defendants, despite its diligent attempts to do so, the Court finds an additional ninety days appropriate. Should Plaintiff need additional time beyond ninety days, it may move for an extension prior to the expiration of the deadline.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Enlargement of Time to Serve Defendants Jeff Bickhaus and Universal Payments Solutions, LLC, with the Complaint and Summons [**Doc. 22**]. Plaintiff **SHALL** serve the Florida Defendants on or before **January 20, 2025**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge