UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ZANK PAYMENT PROCESSING, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CUSTOM PAYMENT ) <br> CONSULTING, INC., UNIVERSAL ) <br> PAYMENT SOLUTIONS, LLC, ) <br> ERNEST HOFFERBERT, and ) <br> JEFF BICKHAUS, ) <br> ) <br> Defendants. ) | No.:  3:24-CV-314-TAV-JEM |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Custom Payment Consulting, Inc. ("CPC") and Ernest Hofferbert's (collectively, "CPC Defendants") motion to dismiss [Doc. 30]. Plaintiff has responded [Doc. 34] and the CPC Defendants have replied [Doc. 37]. This matter is now ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons that follow, the CPC Defendants' motion to dismiss [Doc. 30] will be **GRANTED in part** and **DENIED in part**.

### I.   Background

The complaint alleges that plaintiff, a Canadian corporation based in Toronto, fell victim to a fraud orchestrated by Jeff Bickhaus, Universal Payment Solutions, LLC ("Universal"), and CPC [Doc. 1 ¶ 2]. In March 2023, Bickhaus, the owner of Universal, proposed a common industry transaction to plaintiff, the purchase of Universal's residual

stream from CPC [*Id.* ¶ 3].[1] Specifically, Bickhaus approached plaintiff with a proposal to sell a residual stream which he claimed was owed to Universal from CPC [*Id.* ¶ 29]. However, at the time, Bickhaus knew there was no residual stream to sell [*Id.* ¶¶ 30, 45]. Hofferbert, the president of CPC, participated in the negotiations with plaintiff, while aware that CPC did not owe Universal a residual stream [*Id.* ¶ 31]. Plaintiff alleges that Hofferbert knew that plaintiff believed he would be paid money generated by CPC and that plaintiff relied on the viability of CPC as a material inducement to enter the arrangement [*Id.* ¶ 32].

Plaintiff alleges that, on March 24, 2023, "[t]he parties," which plaintiff later identifies as plaintiff, CPC, and Universal, entered into an Agreement, attached as Exhibit A, for the assignment of the residual payment stream and other compensation to plaintiff [*Id.* ¶¶ 4, 34, 54]. Plaintiff paid $450,000 for this supposed residual stream, but it was later revealed that there was no actual residual stream to be sold [*Id.* ¶¶ 5–6; 33].

Plaintiff states that, for 3 months, Bickhaus adhered to the contract, making monthly payments of $15,000 to plaintiff [*Id.* ¶¶ 35, 56]. However, Bickhaus then could no longer make payments and admitted to plaintiff that there was not, and never had been, a residual stream to sell [*Id.* ¶ 36].

---

[1] Later in the complaint, plaintiff explains that this case involves the merchant processing industry, which involves the transfer of funds between banks from a customer's credit or debit account to pay merchants for sales [Doc. 1 ¶¶ 21–22]. Each bank or professional is entitled to a small percentage from each transaction for merchant processing services [*Id.* ¶ 23]. CPC and Universal function as sales and service organizations that sell processing services of a clearinghouse [*Id.* ¶ 24]. Merchants sign a contract with the clearinghouse, entitling the clearinghouse and the sale organization to monthly payments based on their allotted portion of the percentage of each sale [*Id.* ¶ 25]. This monthly payment is called a "residual stream" [*Id.* ¶ 26].

Plaintiff alleges that Bickhaus and Hofferbert acted together to form an agreement with the common purpose of committing fraudulent acts against plaintiff [*Id.* ¶ 37]. The unlawful objective of their "conspiracy" was to induce plaintiff into a $450,000 transaction based on false premises and misrepresentations [*Id.* ¶ 38]. In furtherance of "the conspiracy," Bickhaus and Hofferbert actively collaborated to present false and misleading information leading to the execution of the Agreement [*Id.* ¶ 39].

Plaintiff brings claims for fraud in the inducement (Count 1), and breach of contract (Count 2) against all defendants [*Id.* ¶¶ 42–58]. The CPC Defendants now challenge whether plaintiff has sufficiently pled either claim [Doc. 30].

## II. Standard of Review

The CPC Defendants have brought their motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Although this standard does not require 'detailed factual allegations,' it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts

3

"merely consistent with" liability, "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Finally, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In reviewing a motion to dismiss under Rule 12(b)(6), the Court "must construe the complaint in a light most favorable to plaintiffs [(or the pleading party, as the case may be)], accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). However, the Court need not accept legal conclusions or unwarranted factual inferences as true. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

## III. Analysis

### A. Fraud in the Inducement

The CPC Defendants argue that plaintiff has failed to adequately plead a claim of fraud in the inducement under Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement [Doc. 31, p. 3]. The CPC Defendants contend that all of the specific factual allegations in the complaint pertain to defendant Bickhaus, and plaintiff never specifies statements that the CPC Defendants allegedly made that were fraudulent, where and when

4

those statements were made, and why they were fraudulent [*Id.* at 4]. The CPC Defendants acknowledge that plaintiff alleges that Hofferbert acted in a civil conspiracy with Bickhaus, but contend that this is not sufficient, as it is not clear that plaintiff is trying to bring a civil conspiracy claim, and, even if it is, such must also be pled with particularity [*Id.*]. And, according to the CPC Defendants, conclusory assertions that defendants were acting jointly as co-conspirators or engaged in a civil conspiracy do not meet the particularity requirement [*Id.*].

Plaintiff responds that it has satisfied Rule 9(b) with ample factual support for this claim [Doc. 34, p. 5]. Plaintiff states that it has not raised a claim of civil conspiracy [*Id.*]. Plaintiff states that the complaint identifies the content of the fraudulent statements made by Hofferbert on behalf of CPC, pointing to the fraudulent statements made by Bickhaus in Hofferbert's presence to sell a non-existent residual stream held by CPC, when Hofferbert knew CPC did not owe Universal a residual stream [*Id.*]. Second, plaintiff contends that the complaint identifies when and where the fraudulent statements were made—during negotiations with plaintiff and Universal [*Id.* at 5–6]. Third, plaintiff contends that the complaint explained why the statements were fraudulent, that is, because there was never a residual stream to be sold [*Id.*].

In reply, the CPC defendants argue that plaintiff is attempting to retroactively fit its allegations within Rule 9(b)'s standard [Doc. 37, p. 1]. Plaintiff never identified any specific statements made by Hofferbert, and now asserts that Hofferbert should be liable for statements made in his presence, but plaintiff never pled this theory [*Id.* at 2]. And

5

there is no allegation in the complaint that Bickhaus's statements were made in Hofferbert's presence [*Id.*]. The CPC defendants also state that, absent a claim of civil conspiracy, plaintiff cannot tie Hofferbert to Bickhaus's statements without some allegation that Hofferbert affirmatively participated and affirmed those statements [*Id.*].

Federal Rule of Civil Procedure 9(b) provides that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id*. "Although Rule 9(b)'s special pleading standard is undoubtedly more demanding than the liberal notice pleading standard which governs most cases, Rule 9(b)'s special requirements should not be read as mere formalism, decoupled from the general rule that a pleading must only be so detailed as is necessary to provide a defendant with sufficient notice to defend against the pleading's claims." *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008) (internal citation omitted). Like Rule 8, Rule 9(b) exists to provide defendants with fair notice of the substance of a plaintiff's claim. *Id.* at 504. But Rule 9(b) "reflects the rulemakers' additional understanding that, in cases involving fraud and mistake, a 'more specific form of notice' is necessary to permit a defendant to draft a responsive pleading." *Id.* The Sixth Circuit has held that, to comply with Rule 9(b), a plaintiff must allege the time, place, and content of the alleged misrepresentation, the fraudulent scheme, the fraudulent intent, and the injury resulting from the fraud. *Id.* (citing *U.S. ex rel. Bledsoe v. Cmty. Health Sys. Inc.*, 501 F.3d 493, 503 (6th Cir. 2007)).

6

Case 3:24-cv-00314-TAV-JEM    Document 52    Filed 05/28/25    Page 6 of 11    PageID #: 254

According to the Agreement, attached to the complaint, the parties agreed that the Agreement would be governed by the laws of California [Doc. 1-1 ¶ 16]. Under California law, the elements of a claim of fraud in the inducement are: (1) misrepresentation (false representation, concealment, or nondisclosure), (2) knowledge of falsity, (3) intent to defraud (i.e. induce reliance), (4) justifiable reliance, and (5) resulting damage. *Engalla v. Permanente Med. Grp., Inc.*, 938 P.2d 903, 974 (Cal. 1997). The heart of CPC Defendants' argument appears to be that plaintiff has not sufficiently pled the first element, that is, a misrepresentation (false representation, concealment, or nondisclosure), as to the CPC Defendants.

Here, plaintiff's complaint falls short of pleading the "time, place, and content" of the alleged misrepresentation(s) by the CPC Defendants. Instead, plaintiff alleges that Hofferbert "participated in the negotiations with [plaintiff], aware that [CPC] did not owe Universal a residual stream" [Doc. 1 ¶ 31]. Plaintiff also alleges that Hofferbert "actively collaborated" with Bickhaus to "present false and misleading information, leading to the execution of the Agreement" [*Id.* ¶ 39]. Nowhere in the complaint does plaintiff point to a direct statement by Hofferbert that was allegedly false. Instead, plaintiff seems to rely on an implication that Hofferbert had a duty to intervene upon hearing Bickhaus making allegedly false statements. But the complaint does not even specifically allege that Bickhaus made false statements in Hofferbert's presence. Instead, at most, the complaint implicates such by stating that Hofferbert participated in negotiations regarding the Agreement at issue [*Id.* ¶ 31]. However, a plaintiff cannot adequately plead a claim under

7

the heightened Rule 9(b) particularity requirement through mere implication. Accordingly, the Court finds that plaintiff has not met the heightened pleading standards of Rule 9(b) as to its claim of fraud in the inducement with respect to the CPC Defendants. Moreover, because plaintiff has not stated a claim upon which relief may be granted as to its claim of fraud in the inducement against the CPC Defendants, dismissal is appropriate, and the Court need not address the CPC Defendants' alternative request for a more definite statement. *See Sec. and Exch. Comm'n v. Arthur*, No. 20CV469, 2020 WL 5814559, at *5 (N.D. Ohio Sept. 29, 2020) ("Having concluded that dismissal is required [under Rule 12(b)(6)], the Court need not . . . address defendants' alternative request for a more definite statement."). Accordingly, the CPC Defendants' motion to dismiss [Doc. 30] is **GRANTED** as to plaintiff's claim for fraud in the inducement, and this claim is **DISMISSED** as to the CPC Defendants. All claims against him having thus been dismissed, this case is **DISMISSED** as to Defendant Hofferbert.

    B.    **Breach of Contract**

The CPC Defendants also argue that plaintiff has not met the general pleading requirements of Rule 8 as to its claim of breach of contract [Doc. 31, p. 5]. The CPC Defendants state that, while the complaint contains a breach of contract claim, it "engages in sleight of hand by noting all of the wrongful conduct allegedly committed by Bickhaus (and thus, Universal) and then generally tying that conduct to Custom without elaboration" [*Id.*]. The CPC Defendants argue that this fails to provide them adequate notice as to what they are asserted to have done that is wrongful [*Id.* at 6].

8

Plaintiff contends that the complaint contains detailed allegations as to the elements of breach of contract, including that the defendants had a duty to plaintiff under the agreement, breached that duty by ceasing payments, and plaintiff incurred damages when payments ceased [Doc. 34, p. 8]. As to CPC specifically, the complaint alleges that CPC allegedly owed the residuals, but CPC did not actually owe Universal residuals, and, as a result, CPC never paid [*Id.*]. Plaintiff states that, as a party to the Agreement, CPC was equally responsible for ensuring compliance with its terms, and the complaint's allegation that CPC and Universal stopped payments is clear and direct [*Id.* at 9].

The CPC Defendants reply that plaintiff does not identify any wrongdoing by CPC, and all of plaintiff's allegations pertain to Bickhaus and Universal with the occasional "you too" statement regarding CPC [Doc. 37, p. 3].

According to the Agreement, attached to the complaint, the parties agreed that the Agreement would be governed by the laws of California [Doc. 1-1 ¶ 16]. Under California law, the elements of a claim of breach of contract are (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendants' breach, and (4) the resulting damages to the plaintiff. *Oasis West Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011).

As to plaintiff's breach of contract claim against CPC, it appears that plaintiff has pled sufficient facts to place CPC on notice of the nature of the claim against it, such that it can respond to the complaint. Specifically, plaintiff alleges that it, CPC, and Universal all entered into a contract for the assignment of residuals from CPC to plaintiff [Doc. 1

9

¶ 54]. Plaintiff alleges that Universal and CPC subsequently breached the agreement by failing to pay the agreed-upon amount after the first three months [*Id.* ¶¶ 55–57]. Moreover, plaintiff attaches a copy of the contract to the complaint. And "a court may consider exhibits attached to the complaint . . . so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016). The attached contract clearly is central to the claim of breach of contract, and therefore, the Court can consider it for determining whether plaintiff has adequately pled that claim. And the terms of that contract seem to indicate that CPC had a duty to make payments to plaintiff [*See* Doc. 1-1 ¶ 5 (stating that CPC "shall commence making all residual and other payments otherwise due and owing to" plaintiff); ¶ 8 (stating that CPC "shall continue to make the residual income or other ISO payments to" plaintiff)]. Thus, plaintiff has alleged that (1) a contract existed [Doc. 1 ¶¶ 34, 54; Doc. 1-1], (2) plaintiff performed under the contract by paying $450,000 [Doc. 1 ¶¶ 5, 33], (3) CPC breached the agreement by failing to pay plaintiff $15,000 per month after the first 3 months [Doc. 1 ¶¶ 55–57, Doc. 1-1], and (4) plaintiff suffered damages, namely, not receiving payments due under the contract [Doc. 1 ¶ 58]. Under Rule 8's liberal notice pleading standard, plaintiff has stated a plausible claim for breach of contract against CPC. Accordingly, the CPC Defendants' motion to dismiss [Doc. 30] is **DENIED** as to plaintiff's claim for breach of contract.

10

Case 3:24-cv-00314-TAV-JEM   Document 52   Filed 05/28/25   Page 10 of 11
PageID #: 258

## III. Conclusion

For all these reasons, the CPC Defendant's motion to dismiss [Doc. 30] is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** as to plaintiff's claim of fraud in the inducement as to the CPC Defendants and that claim is **DISMISSED**. No claims remaining against Defendant Hofferbert, this matter is **DISMISSED** as to that defendant. However, the motion is **DENIED** as to plaintiff's breach of contract claim against CPC.

IT IS SO ORDERED.

                                        s/ Thomas A. Varlan
                                        UNITED STATES DISTRICT JUDGE