UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ZANK PAYMENT PROCESSING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:24-CV-314-TAV-JEM |
| | ) |
| CUSTOM PAYMENT | ) |
| CONSULTING, INC., UNIVERSAL | ) |
| PAYMENT SOLUTIONS, LLC, | ) |
| ERNEST HOFFERBERT, and | ) |
| JEFF BICKHAUS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Relief from Order Pursuant to Fed. R. Civ. P. 60(a), or in the alternative, to Alter or Amend Order Pursuant to Fed. R. Civ. P. 59(e) [Doc. 55]. Defendants have responded [Doc. 56] and plaintiff has replied [Doc. 57]. For the reasons that follow, plaintiff's motion [Doc. 55] is **DENIED**.

## I. Background

The complaint alleges that plaintiff, a Canadian corporation based in Toronto, fell victim to a fraud orchestrated by Jeff Bickhaus, Universal Payment Solutions, LLC ("Universal"), and Custom Payment Consulting, Inc. ("CPC") [Doc. 1 ¶ 2]. On May 28, 2025, the Court found that plaintiff had not met the heightened pleading standard of Federal Rule of Civil Procedure 9(b), and dismissed plaintiff's claim of fraud in the inducement against CPC and Ernest Hofferbert, the president of CPC [Doc. 52]. The Court, however, allowed plaintiff's breach of contract claim against CPC to proceed [*Id.*].

Plaintiff now moves for the Court to amend its order under Rule 60(a) or Rule 59(e) [Doc. 55]. Plaintiff contends that the order did not specify whether the dismissal was with or without prejudice, and argues that the failure to specify that the dismissal was without prejudice was an oversight or omission under Rule 60(a) [*Id.* at 2]. Plaintiff suggests that, given the posture of this case, "it is improbable that the Court intended to dismiss with prejudice," stating that courts typically allow plaintiffs a chance to amend their complaint at least once to cure claims that do not meet the pleading standard [*Id.*]. Plaintiff states that it is prepared to amend its complaint to include the information the Court found lacking [*Id.* at 3]. Likewise, under Rule 59(e), plaintiff asserts that a dismissal with prejudice would be a clear error of law, given that it was not provided an opportunity to re-plead and assert facts that might be sufficient to sustain its claim [*Id.* at 4]. Moreover, plaintiff argues that it would be a manifest injustice to dismiss its claim of fraudulent inducement at this stage and deprive it of its day in court [*Id.*].

## II.     Standard of Review

Rule 60(a) of the Federal Rules of Civil Procedure states that the Court may correct a clerical mistake or a mistake arising from oversight or omission whenever found in a judgment, order, or other part of the record. Fed. R. Civ. P. 60(b)(a). "The basic purpose of th[is] rule is to authorize the court to correct errors that are mechanical in nature and arise from oversight or omission." *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002). Rule 60(a) does not, however, authorize the Court to revisit its legal analysis or correct errors of substantive judgment. *Id*.

Moreover, while the Federal Rules of Civil Procedure do not provide for motions for reconsideration, "a motion with that title that is filed within 28 days [after judgment] can be construed as a motion to alter or amend the judgment under Rule 59(e)[.]" *In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013). "The purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quotations omitted). "A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Where a movant merely "views the law in a light contrary to that of this Court," his "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit." *McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991)).

**III.    Analysis**

In arguing that dismissal with prejudice is inappropriate without first permitting a chance to amend, plaintiff relies heavily on the Sixth Circuit's decision in *Equal Employment Opportunity Commission v. Ohio Edison Company*, 7 F.3d 541 (6th Cir. 1993) [Doc. 55, p. 2]. In that case, the Sixth Circuit remanded an employment action to the

3

district court, finding that it was error to dismiss the case for failure to state a claim pursuant to Rule 12(b)(6) under the specific circumstances present there. 7 F.3d at 546. The Sixth Circuit concluded that the appropriate remedy was to remand the case and permit the plaintiff to amend its complaint, citing, in support, the Eleventh Circuit's statement in *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) that "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least once chance to amend the complaint before the district court dismisses the action with prejudice." *Ohio Edison*, 7 F.3d at 546 (quoting *Bank*, 928 F.2d at 1112). But, notably, the Eleventh Circuit, sitting *en banc*, has overruled *Bank*, and stated that the rule is "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).

Moreover, while "[i]n some Circuits . . . a district court must grant a plaintiff leave to amend if a complaint is vulnerable to Rule 12(b)(6) dismissal, even if it is not requested, unless an amendment would be inequitable or futile," in this circuit, district courts are "not burdened with such a requirement" and are not "required to invite an amended complaint when a plaintiff has not moved to amend and submitted a proposed amended pleading." *Crone-Schierloh v. Hammock*, No. 2:12-cv-410, 2013 WL 12123903, at *4 (S.D. Ohio May 22, 2013) (citing *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545 (6th Cir. 2008) (stating that "[n]o abuse of discretion occurs when a district court denies a party leave to amend where such leave was never sought")). Thus, "in the Sixth Circuit, unless

4

a plaintiff requests to amend a deficient complaint with sufficient factual allegations in response to a meritorious Rule 12(b)(6) motion, the dismissal under Rule 12(b)(6) should be with prejudice." *Id*.

Indeed, the Sixth Circuit has stated that, while "[o]rdinarily, if a district court grants a defendant's 12(b)(6) motion, the court will dismiss the claim without prejudice to give parties an opportunity to fix their pleading defects" "if a party does not file a motion to amend or a proposed amended complaint, it is not an abuse of discretion of the district court to dismiss the claims with prejudice." *CNH Am. LLC, v. Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am.*, 645 F.3d 785, 795 (6th Cir. 2011). The Sixth Circuit has reasoned that "[r]equiring the district court to both state the reasons for its dismissal and then allow [plaintiff] to amend the [c]omplaint without [plaintiff's] having asked permission would be akin to mandating the district court to issue an advisory opinion." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008). And "[p]laintiffs are not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *Id*. (alterations omitted) (quoting *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004)).

In light of this case law, the Court finds that it was not error, clear or otherwise, for the Court to dismiss plaintiff's claim of fraud in the inducement against CPC and Hofferbert with prejudice. The Court presumes the parties complied with the Court's Order Governing Motions to Dismiss, which required the parties to meet and confer prior to the

5

filing of a motion to dismiss to determine whether it could be avoided by an amendment [Doc. 5].[1]  As a result, plaintiff was on notice of the potential issues with the complaint prior to the filing of the motion to dismiss, but elected not to seek to amend the complaint.  And, after the relevant defendants filed their motion to dismiss, rather than seeking to amend, plaintiff made the strategic decision to defend the complaint, as drafted, arguing that even defendants' alternate request for a more definite statement was unwarranted [Doc. 34].  Contrary to plaintiff's current assertions, "Rule 15 is not so liberal as to require leave to amend following a dismissal pursuant to Rule 12(b)(6)."  *Monson v. Simon*, No. 18-10638, 2019 WL 3072094, at *1 (E.D. Mich. July 15, 2019).

Further, even at this juncture, plaintiff has not presented the Court with a proposed amended complaint that would permit the Court to conclude that plaintiff could meet Rule 9(b)'s heightened pleading standard.  Rather, plaintiff states only that it would amend its complaint to "provide additional detail regarding the multiple calls that Zank had with Hofferbert and Bickhaus discussing the proposed transaction, the specific representations that were made on those calls, and the contents of text messages between all three parties discussing the transaction" [Doc. 55, p. 3].  Thus, even if the Court where otherwise inclined to permit amendment at this stage, plaintiff has not shown how an "amended complaint could potentially cure the pleading deficiencies set forth in [defendants'] Rule

---

[1] Although, notably, the parties did not comply with the Order's requirement that they include a certification that they met and conferred prior to filing the motion to dismiss, despite citing that same order for another matter in the first footnote of the motion to dismiss [*See* Docs. 5, 30, 31].

6

12(b)(6) motion and identified in the Court's dismissal order" therefore "this Court cannot discern whether a basis to grant leave for a[n] . . . amendment exists." *Chambers v. Nationwide Mut. Ins. Co.*, No. 1:19-cv-2601, 2021 WL 463279, at *2 (N.D. Ohio, Feb. 8, 2021).

For all these reasons, the Court's order dismissing plaintiff's claim of fraudulent inducement with prejudice was not a clerical error for purposes of Rule 60(a), nor was it "clear error" for purposes of Rule 59(e). And, to the extent that plaintiff argues that dismissing this claim with prejudice would cause a manifest injustice, under Rule 59(e), where, as here, the "parties have fully argued the merits of a 12(b)(6) motion to dismiss and the district court has duly considered those arguments and issued an opinion resolving the motion, it is a stretch to say justice requires granting leave to cure the complaint's deficiencies as identified in adversarial pleading and the district court's order—even where the initial order turned on a failure to meet Rule 9(b)'s particularity requirements." *United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 918 n.2 (6th Cir. 2017). Plaintiff's motion under Rules 60(a) and/or 59(e) [Doc. 55] is therefore **DENIED**.

### III. Conclusion

For all these reasons, Plaintiff's Motion for Relief from Order Pursuant to Fed. R. Civ. P. 60(a), or in the alternative, to Alter or Amend Order Pursuant to Fed. R. Civ. P. 59(e) [Doc. 55] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE