UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ZANK PAYMENT PROCESSING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:24-CV-314-TAV-JEM |
| | ) | |
| CUSTOM PAYMENT | ) | |
| CONSULTING, INC., UNIVERSAL | ) | |
| PAYMENT SOLUTIONS, LLC, | ) | |
| ERNEST HOFFERBERT, and | ) | |
| JEFF BICKHAUS, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint [Doc. 59]. Defendants have responded in opposition [Doc. 60], and plaintiff has replied [Doc. 61]. For the reasons that follow, plaintiff's motion [Doc. 59] is **DENIED**.

The complaint alleges that plaintiff fell victim to a fraud orchestrated by Jeff Bickhaus, Universal Payment Solutions, LLC ("Universal"), and Custom Payment Consulting, Inc. ("CPC") [Doc. 1 ¶ 2]. On May 28, 2025, the Court found that plaintiff had not met the heightened pleading standard of Federal Rule of Civil Procedure 9(b), and dismissed plaintiff's claim of fraud in the inducement against CPC and Ernest Hofferbert, the president of CPC [Doc. 52]. The Court, however, allowed plaintiff's breach of contract claim against CPC to proceed [*Id.*].

Plaintiff subsequently moved for the Court to amend its order under Rule 60(a) or Rule 59(e), arguing that the Court must have inadvertently failed to specify that the

dismissal was without prejudice, because plaintiff was not given an opportunity to amend its complaint prior to the dismissal [Doc. 55].

The Court denied this motion [Doc. 58]. Specifically, the Court found that plaintiff had misstated the applicable law in the Sixth Circuit regarding the requirement to permit an amendment before dismissing a complaint under Rule 12(b)(6) [*Id.* at 4–5]. Citing several cases from within this circuit, the Court concluded that there was no error, clear or otherwise, in dismissing plaintiff's claim of fraud in the inducement against CPC and Hofferbert with prejudice [*Id.* at 5]. The Court also noted that it presumed the parties complied with the Court's Order Governing Motions to Dismiss, which required the parties to meet and confer prior to the filing of a motion to dismiss to determine whether it could be avoided by an amendment to the complaint, and therefore, plaintiff was on notice of the potential issues with its complaint prior to the filing of the motion to dismiss, but elected not to seek to amend [*Id.* at 5–6]. As an additional note, despite finding that no error had occurred in dismissing with prejudice, the Court also noted that, even if it were otherwise inclined to permit an amendment at that stage, plaintiff had not set forth the allegations that it could include in an amended complaint that would purportedly meet the requirements of Rule 9(b) [*Id.* at 6–7].

Plaintiff now files a motion for leave to file an amended complaint to included additional allegations that it contends would meet the requirements of Rule 9(b) as to its claim of fraud in the inducement against CPC and Hofferbert [Doc. 59]. Plaintiff argues that amendment should be permitted because defendants would not be prejudiced, there is

2

Case 3:24-cv-00314-TAV-JEM   Document 62   Filed 08/19/25   Page 2 of 5   PageID #: 342

no undue delay, and the amendment is not futile [*Id.* at 3–5].  Plaintiff also notes that it does not recall meeting and conferring with defendants prior to the filing of the motion to dismiss [*Id.* at 2].

Defendants contend that plaintiff waived its right to amend as of right by opting to stand on its original complaint [Doc. 60, p. 3].  Moreover, defendants argue that plaintiff cannot amend his dismissed claims without first moving to vacate the judgment [*Id.* at 4].  Additionally, defendants contend that plaintiff could not successfully bring a motion to vacate under Rule 60, and that any amendment would be futile [*Id*. at 4–10].

In reply, plaintiff asserts that it is not trying to amend as of right under Rule 15(a)(1), but rather, moves under Rule 15(a)(2) [Doc. 61, p. 1].  Plaintiff argues that relief is warranted under Rule 60(b) because the Court's dismissal order was issued under the mistaken presumption that the parties had complied with the Court's meet-and-confer requirement, but, in their response, the Hofferbert defendants admit that they did not comply with that requirement [*Id.* at 2].  Plaintiff contends that the proposed amendment is not futile [*Id.* at 3–5].

Plaintiff's motion, which simply seeks to relitigate the issue the Court has already addressed in its prior order, is procedurally improper.  As the Court previously noted "Rule 15 is not so liberal as to require leave to amend following a dismissal pursuant to Rule 12(b)(6)." *Monson v. Simon*, No. 18-10638, 2019 WL 3072094, at *1 (E.D. Mich. July 15, 2019).  The Sixth Circuit has stated that, while amendment is freely allowed under Rule 15,

3

> when a Rule 15 motion comes after a judgment against the plaintiff, that is a different story. Courts in that setting must "consider[] the competing interest of protecting the finality of judgments and the expeditious termination of litigation. *Morse*, 290 F.3d 800. If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then "reopen the case by amending their complaint to take account of the court's decision." *James v. Watt*, 716 F.2d 71, 78 (1st Cir.1983) (Breyer, J.). That would sidestep the narrow grounds for obtaining post-judgment relief under Rules 59 and 60, make the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities.

*Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv.*, 616 F.3d 612, 615–16 (6th Cir. 2010). As a result, the Sixth Circuit concluded that, when a party seeks to amend a complaint after an adverse judgment, it "must shoulder a heavier burden," and, instead of meeting only the "modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Id*. at 616. The Sixth Circuit also noted that, in evaluating such a motion, a district court "ought to pay particular attention to the movant's explanation for failing to seek leave to amend prior to the entry of judgment." *Id.* (internal quotation marks omitted).

The Court need not fully address in this order whether plaintiff has met the met the "heavier burden" under Rules 59 or 60, as plaintiff has already filed a motion under those rules [Doc. 55], which the Court denied on the merits [Doc. 58]. The Court hereby incorporates its prior Memorandum Opinion and Order [Doc. 58] into this Memorandum Opinion and Order.

However, the Court does also note that plaintiff provides no explanation as to why it has waited until the Court has dismissed the claim of fraud in the inducement against

CPC and Hofferbert with prejudice before seeking to amend its complaint to set forth specific facts in support of such claim. In response to the Court's order denying reconsideration, plaintiff now appears to assert that the parties failed to comply with the Court's Order Governing Motions to Dismiss [Doc. 5]. But the parties' failure to confer, as required by this Order, and plaintiff's subsequent failure to raise that issue, do not detract from the fact that plaintiff was aware of defendants' position regarding the deficiencies in the complaint, but elected to oppose the motion to dismiss and the alternate request for a more definite statement, rather than amend to cure those deficiencies. Rather, plaintiff waited for the Court to issue its ruling on the motion to dismiss and now, after an adverse judgment, seeks to cure the deficiencies the Court found. In other words, plaintiff seeks to "use the court as a sounding board to discover holes in [its] arguments, then reopen the case by amending [its] complaint to take account of the court's decision." *Leisure Caviar*, 616 F.3d at 615–16 (internal quotation marks omitted). Such is impermissible under the Federal Rules of Civil Procedure and the Sixth Circuit's jurisprudence.

Accordingly, Plaintiff's Motion for Leave to File Amended Complaint [Doc. 59] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
